**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2203
_____

JAIN-MIECELL ROBERSON,
Appellant
v.

UNITED STATES OF AMERICA

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civil Action No. 1:24-cv-02036)
Magistrate Judge: Honorable Daryl F. Bloom (by consent)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 19, 2025

Before: KRAUSE, RESTREPO, and PORTER, <u>Circuit Judges</u>

(Opinion filed: December 2, 2025)
_____

OPINION*
_____

PER CURIAM

　　Pro se appellant Jain-Miecell Roberson appeals from the District Court's dismissal

of his complaint, where he alleged claims stemming from his employment at the Naval

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Supply Systems Command Business Systems Center ("NAVSUP"). For the reasons that follow, we will affirm the District Court's judgment.

I.

In early 2023, Roberson was working as a comptroller supervisor at NAVSUP in Mechanicsburg, PA. In the spring of 2023, Roberson received an annual performance evaluation which rated his performance as fully successful in all categories but one, where he received an outstanding rating. Roberson notified his supervisor that he intended to file a grievance to formally dispute the evaluation, as he believed he should have received an outstanding rating in all categories. In May 2023, Roberson was informed that he would be detailed, transferred, or reassigned to a different position at the NAVSUP headquarters team. In late 2023, Roberson filed an appeal with the Merit Systems Protection Board ("MSPB"), which has not yet been resolved.

Roberson then initiated this federal lawsuit against the United States in November 2024. He raised 26 claims, alleging that: (1) he was transferred without proper notice and was not reinstated to his comptroller supervisor position after his detail at NAVSUP headquarters, which he believed was because he filed a grievance; (2) his position was inaccurately recorded in official records after his transfer; (3) he was not given adequate information about grievance procedures and proper grievance procedures were not followed; (4) he experienced harassment and a hostile work environment after he submitted his grievance; (5) he was unfairly evaluated; (6) he was denied training opportunities; and (7) when Roberson served as the lead member of a hiring recommendation panel, his recommended candidate was not hired. He sought to bring

these claims under the Civil Service Reform Act ("CSRA"), the Federal Tort Claims Act, and various Pennsylvania statutes.

Roberson filed a motion for summary judgment soon after, where he requested a default judgment. The United States filed a motion to dismiss. Presiding with the consent of the parties, a Magistrate Judge dismissed the case for lack of subject matter jurisdiction and denied Roberson's motion. Roberson timely appealed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the District Court's dismissal of Roberson's complaint for lack of subject matter jurisdiction. See In re Horizon Healthcare Servs. Inc. Data Breach Litig., 846 F.3d 625, 632 (3d Cir. 2017). We construe his pro se pleadings liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). We review the denial of Roberson's request for a default judgment for abuse of discretion. See Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000).

## III.

We agree with the District Court's dismissal of Roberson's complaint. Roberson fundamentally alleges that his employer engaged in prohibited personnel practices as defined by the CSRA, and he particularly challenges the procedures that were followed in taking various personnel actions. Because all of Roberson's claims fall under the CSRA, the District Court lacked jurisdiction to review them.

The CSRA sets out an exclusive "framework for evaluating adverse personnel actions" taken against federal employees, "including the availability of administrative and judicial review." United States v. Fausto, 484 U.S. 439, 443 (1988). Under this

3

comprehensive review scheme, eligible federal employees may dispute "prohibited personnel practices" — "meaning any 'personnel action' motivated by an impermissible ground" — before the Merit Systems Protection Board ("MSPB").  Manivannan v. United States Dep't of Energy, 42 F.4th 163, 171 (3d Cir. 2022).  The United States Court of Appeals for the Federal Circuit then has exclusive jurisdiction over appeals from final MSPB decisions.  See Elgin v. Dep't of Treasury, 567 U.S. 1, 6 (2012).

"[W]hen assessing whether the CSRA bars federal jurisdiction over an otherwise reviewable claim, courts . . . look to the specific underlying conduct being challenged to determine whether that conduct is an employment action covered by the statute." Manivannan, 42 F.4th at 172.  "If [an] employee's federal suit is, 'at bottom,' challenging an employment action within the [MSPB's] jurisdiction, then it must proceed through the review process provided in the CSRA."  Id. (citation omitted).  An action covered by the CSRA "is confined to the remedies it offers."  Id. at 170.

Here, the District Court appropriately determined that Roberson's claims fell within the exclusive scope of the CSRA.  Roberson himself characterized his claims as violations of the CSRA and sought to bring his claims under that statute.  Roberson challenges actions that all fall within the specifically enumerated "personnel actions" outlined by the CSRA.  See 5 U.S.C. § 2302(a)(2)(A).  He brought several claims related to his reassignment from the position of comptroller supervisor and his concerns regarding procedures that were allegedly not followed.  See id. § 2302(a)(2)(A)(iv) (listing "a detail, transfer, or reassignment" as a "personnel action").  He claimed that he was unfairly evaluated and denied training opportunities.  See id. § 2302(a)(2)(A)(vii),

4

(ix) (listing "a performance evaluation" and a decision . . . concerning education or training" as "personnel action[s]"). And, as the District Court explained, under the circumstances of this case, Roberson's remaining claims regarding harassment after submitting his grievance, inadequate responses to his grievance requests, and overlooking his hiring recommendations all fell under the category for a "significant change in duties, responsibilities, or working conditions." See id. at § 2302(a)(2)(A)(xii).

Roberson's claims also alleged "prohibited personnel practices" as defined by the CSRA. See id. § 2302(b). He maintained that he was harassed and reassigned because he complained of mistreatment and filed a grievance. See id. § 2302(b)(8)(A)(ii) (prohibiting personnel actions taken because of a "disclosure of information . . . which the employee or applicant reasonably believes evidences . . . an abuse of authority"); § 2302(b)(9) (prohibiting personnel actions taken because an employee has filed a grievance). Roberson's claims regarding his evaluation, being denied training opportunities, and the decision to go against his hiring recommendation all addressed alleged violations of merit system principles. See id. § 2302(b)(12) (prohibiting personnel actions that violate the merit system principles outlined in § 2301); § 2301(b)(2), (4), (7) (outlining merit system principles that employees "receive fair and equitable treatment in all aspects of personnel management," "maintain high standards of integrity, conduct, and concern for the public interest," and "be provided effective education and training" when such training would improve an employee's performance).

Roberson characterized his remaining claims relating to his requests for information and the grievance process as due process violations. On appeal, Roberson

5

argues that all of his claims should have been interpreted as challenges to the procedures by which the alleged employment actions took place, rather than challenges to the underlying actions themselves. These claims allege violations of the merit system principle that all employees should be treated "with proper regard for their privacy and constitutional rights." See id. § 2301(b)(2); see also Weaver v. U.S. Info. Agency, 87 F.3d 1429, 1432 (D.C. Cir. 1996) ("Among the merit system principles in § 2301 is the requirement that all employees be treated 'with proper regard for their privacy and constitutional rights.'") (citation omitted). Although Roberson argues on appeal that he would not be able to raise his due process claims in MSPB proceedings, the MSPB regularly hears constitutional and due process claims, and Roberson can seek review of the MSPB's decision on those claims in the Federal Circuit. See, e.g., Stone v. F.D.I.C., 179 F.3d 1368, 1376-77 (Fed. Cir. 1999) (reviewing an employee's claim that his procedural due process rights were violated when he was removed from his position). Thus, the MSPB has exclusive jurisdiction to review Roberson's challenge to those actions and the way they took place.

On appeal, Roberson contends that his allegations "all fall under Pennsylvania Statute Violations" as "Due Process Failure by Malpractice," making the District Court the proper forum for his claims. Appellant's Br. at 2-4. In support, he cites provisions of the Pennsylvania Workers' Compensation Act and the Pennsylvania Occupational Disease Act that have no apparent relevance to his allegations. See 77 Pa. Stat. Ann. § 41 (limiting defenses available in personal injury actions by employees for injuries incurred "in the course of his employment"); id. § 51 (providing that employers are liable for their

6

employees' negligence "while acting within the scope of their employment"); id. § 1302 (providing that employers are liable for their employees' negligence "while acting within the scope of their employment").

Roberson does not explain how these statutes provide the District Court with jurisdiction over his claims given the expansive scope of the CSRA — however he chooses to label these claims, reviewing them would "infringe on territory exclusive to the [MSPB]." Manivannan, 42 F.4th at 173 n.4. Accordingly, because Roberson's claims fell under the CSRA, the District Court appropriately concluded that it lacked jurisdiction over his complaint.[1]

Finally, the District Court properly denied Roberson's request for a default judgment where no default had been entered.[2] See Fed. R. Civ. P. 55(a)-(b); Chamberlain, 210 F.3d at 164.

For these reasons, we will affirm the judgment of the District Court.

---

[1] Because we agree with the District Court's CSRA analysis, we need not address its alternative grounds for concluding that it lacked jurisdiction over Roberson's complaint. Additionally, to the extent that Roberson discusses any other issues for the first time in his reply brief, we do not consider them. See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 146 (3d Cir. 2017).

[2] Roberson argues that the District Court should have treated and analyzed his motion as a request for summary judgment, but we discern no error in the District Court's approach, as Roberson requested a default judgment in his motion.